UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DANIEL CHAMBERS** | **CIVIL ACTION** |
| **VERSUS** | **NO. 04-06** |
| **BURL CAIN, WARDEN** | **SECTION "C" (4)** |

## TRANSFER ORDER

Before the Court is the motion of petitioner, Daniel Chambers, for relief from judgment pursuant to FED.R.CIV.P. 60(b)(1), (3), and (6), seeking reconsideration of this Court's previous denial of his petition for habeas corpus. Rec. Doc. 11. The Court denied his petition, filed pursuant to 28 U.S.C. § 2254, with prejudice as untimely filed on July 29, 2005. Rec. Doc. 9. The Court has considered petitioner's motion and the applicable law, and finds that it should be TRANSFERRED to the United States Fifth Circuit Court of Appeals under 28 U.S.C. § 1631 for the following reasons.

Petitioner brings his motion pursuant to Rule 60(b)(1), (3) and (6). Rule 60(b) provides in relevant part:

> **(b) Grounds for Relief from a Final Judgment, Order, or Proceeding.** On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
> (1) mistake, inadvertence, surprise, or excusable neglect; ...

> (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; ...
> (6) any other reason that justifies relief.

As discussed below, the substance of petitioner's motion claims that his grand jury was selected pursuant to procedures which the Louisiana Supreme Court later found to violate Louisiana's constitutional prohibition against special or local laws. Rec. Doc. 11 at 3-6 (citing *State v. Dilosa*, 2002-KA-2222 (La. 06/27/2003), 848 So.2d 546. This claim was not presented in his petition for writ of habeas corpus. Rec. Doc. 2. He does not actually allege any mistake, inadvertence, surprise, or excusable neglect, or fraud, misrepresentation, or misconduct by an opposing party with regards to this Court's judgment dismissing his petition as untimely which would make Rule 60(b)(1) or (3) applicable. Furthermore, Rule 60(c) requires that any motion brought pursuant to Rule 60(b)(1) or (3) be brought no more than a year after the entry of the judgment. More than a year elapsed between this Court's July 29, 2005 judgment denying his petition and the instant motion, which is dated December 28, 2007. Petitioner's motion is most appropriately considered one pursuant to Rule 60(b)(6); such a motion must be made "within a reasonable time." FED.R.CIV.P. 60(c).

In his motion, petitioner argues that his grand jury indictment was returned by a grand jury that was selected pursuant to LA.C.CRIM.P. article 413(C), which the Louisiana Supreme Court thereafter found to be a local law which concerned the practice of criminal courts in Orleans Parish in violation of LA.CONST. art. III, § 12(A). He argues that this Court should determine that Art. 413 was unconstitutional from the time the Louisiana Constitution of 1974 took effect, such that his indictment was invalid and should be annulled.

Petitioner thus raises a new claim for relief from his state conviction. Even though it is styled as a Rule 60(b) motion, such a motion is a "habeas corpus application" that presents a "claim" for relief within the meaning of 28 U.S.C. § 2244(b). *Gonzales v. Crosby*, 545 U.S. 524, 530-31 (2005). As such, petitioner's motion is a "second or successive habeas corpus application under section 2254 that was not presented in a prior application" and should be dismissed unless the petitioner can establish one of the following exceptions. 28 U.S.C. § 2244(b); *Gonzales*, 545 U.S. at 532.

> 1) the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
> 2) (i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>
> (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

28 U.S.C. § 2244(b)(2)(A), (B). Before this application can be considered on the merits by this District Court, the petitioner must obtain authorization from the United States Fifth Circuit Court of Appeals by making a prima facie showing of the above listed requirements to that court as required by 28 U.S.C. § 2244(b)(3)(A). Until petitioner obtains this authorization, this Court is without jurisdiction to proceed.

Accordingly,

IT IS ORDERED that the motion of DANIEL CHAMBERS pursuant to Rule 60(b) be

construed in part as a motion for authorization for the District Court to consider the second or successive claim raised therein.

IT IS FURTHER ORDERED that the petition be and hereby is TRANSFERRED to the United States Fifth Circuit Court of Appeals under the authority of 28 U.S.C. § 1631 for that Court to determine whether petitioner is authorized under 28 U.S.C. § 2244(b) to file the instant habeas corpus petition in this District Court.

New Orleans, Louisiana, this 31st day of July, 2008.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE